ON REHEARING
En Banc.
SAVOY, Judge.
The instant case is before this Court for a second time because of a rehearing being granted herein. A majority of the Court was of the opinion that a rehearing should be granted because LSA-R.S. 32:141, subd. A might be applicable to the present case.
LSA-R.S. 32:141, subd. A provides the following:
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.”
The record reveals that the accident occurred on State Highway 107 within the corporate limits of the Town of Mansura, Louisiana. A review of the record, including the photos introduced in evidence, clearly reflects that the accident occurred within the residential district of the Town of Mansura, Louisiana. We are of the opinion that LSA-R.S. 32:141, subd. A is not applicable to the instant case for the reason that if an accident occurs within a residential or business district, the act does not apply.
Plaintiff had stopped or parked on his lane of the highway long enough to pick up some employees who lived on the opposite side of the highway, but he had started his truck up again and was driving at a speed of about 5 miles per hour in his proper lane of traffic when the accident occurred. His truck lights were on at the time of the accident. There were no vehicles approaching from the opposite direction. The sole proximate cause of the accident was the negligence of Carrison Sampson in not seeing the Bernard vehicle. Sampson testified his eye sight was bad, and that on the morning of the accident he had forgotten his eye glasses at home.
Counsel for appellant contends in briefs and oral argument before this Court (1) that the doctrine of res ipsa loquitur should apply in the instant case. As we have stated on many occasions, this doctrine is simply a rule of evidence and the rule is invoked where one is in a better position than another to know why an accident occurred. In the instant case the witnesses testified that the accident occurred because the Sampson vehicle struck the Bernard vehicle from the rear. The doctrine has *190 no application to this case. (2) That Bernard was negligent in failing to super-wise the conduct of young McGee, a minor ■eleven years of age, so as to insure his •safety. The trial judge found as a fact that the minor was in the rear of the truck when the accident occurred, and rejected .appellant’s contention that the minor was partially out of the truck when it was hit.
For the reasons herein assigned, our original opinion and decree are hereby reinstated and made the final judgment of this ■Court.
Original decree reinstated.